[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10714
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00355-TWT-LTW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE JAIMEZ-PADILLA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 11, 2014)

Before WILSON, PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Jose Jaimez-Padilla, a native and citizen of Mexico, appeals his sentence of 18 months of imprisonment following his plea of guilty to entering the United States illegally after deportation.  8 U.S.C. § 1326(a), (b)(2).  Jaimez-Padilla argues that his sentence is unreasonable.  We affirm.

The district court did not abuse its discretion.  In June 2013, Jaimez-Padilla entered the United States illegally and was arrested after he gave a false name to a police officer.  Jaimez-Padilla was deported in December 2011 following his conviction for two counts of family violence and was deported again in December 2012.  Based on that information, the district court reasonably determined that a sentence at the low end of Jaimez-Padilla's advisory guideline range of 18 to 24 months of imprisonment was required to address the nature and circumstances of his offense and his recidivism, to provide adequate punishment, to promote respect for the law, and to avoid a sentencing disparity with similarly-situated offenders. *See* 18 U.S.C. § 3553(a).  Jaimez-Padilla argued that he was entitled to a downward variance to account for his relatively minor offenses and to offset the eight-level enhancement of his sentence for being deported after being convicted of battery involving violence, *see* United States Sentencing Guidelines Manual § 2L1.2 (Nov. 2013), but the district court reasonably decided that a sentence of 18 months balanced the need to punish him for flouting the law with the need to compensate him for time served in the custody of immigration officers which

2

would not be credited by the Bureau of Prisons.  Jaimez-Padilla's sentence, which is far below his maximum statutory punishment sentence of 20 years of imprisonment, is reasonable.

We **AFFIRM** Jaimez-Padilla's sentence.